## Commonwealth ex rel. Foscia v. Cavell

*Rudy Foscia*, p. p.

*Michael A. Hanna*, District Attorney, for respondent.

WEINER, J., October 19, 1961.—Rudy Foschia, alias Rudy Foscia, alias Bob Wilson, was charged in an information sworn to June 28, 1955, with the crime of rape, which information was made before Alderman Charles W. Rohrkaste, of Washington, Washington County. Defendant remained unapprehended, and on July 13, 1955, the alderman returned the information to court.

On August 6, 1955, Wray G. Zelt, then District Attorney for Washington County, petitioned the Court of Quarter Sessions at no. 186 August term, 1955, for leave to lay a bill of indictment against said defendant on the charge of rape to prevent the tolling of the statute of limitations. The court granted the petition on August 6, 1955. A true bill was found on August 11, 1955. Defendant was returned to Washington County after being arrested in Cleveland, Ohio, for a crime committed there under the name of Bob Wilson.

At the arraignment of the said defendant on May 9, 1958, he entered a plea of not guilty through his attorneys, J. Salem Flack, Esq., and John Solomon, Esq., of the local bar. After the start of his trial, and following the testimony of the victim of the rape, defendant pleaded guilty on May 12, 1958, to the crime of rape. He was sentenced on his plea of guilty by Judge Weiner to not less than two and one-half years and not more than 10 years, to pay the costs of prosecution and a fine of $1, and committed to the Western Correctional and Diagnostic Clinic.

On June 1, 1959, acting upon the request of petitioner, the court, by Weiner, J., ordered a copy of all the record of his case to be furnished to petitioner. He has filed his petition for a writ of habeas corpus at no. 371, November term, 1960, A. D. The grounds alleged in the petition for allowance of the writ of habeas corpus may be summarized, although not enumerated in the petition, as follows:

1. No preliminary hearing was given relator, thus depriving him of due process of law.

2. The criminal record of relator was brought up at trial against the will of relator.

3. Violation of relator's rights under article 5, sec. 23, of the Constitution of Pennsylvania, relating to the method of process in prosecutions.

4. Improper drawing of records in the court room

and other records in violation of proper legal procedure.

5. A bogus name was entered as petitioner's own name.

6. Failure to allow relator bail in violation of article VIII of the Constitution of the United States.

7. Violation of article XIV of the Constitution of the United States.

8. Plea of guilty by relator while under duress.

An answer was filed by the District Attorney of Washington County praying that the petition filed be dismissed. The court is of the opinion that no grounds for allowance of a writ or a hearing thereon were alleged in the petition. The record discloses that relator was given a fair trial up until the time he pleaded guilty to the crime of rape, and that he was ably represented by two members of the bar of Washington County. The fact that petitioner, a married man with two children, gave a false name to the victim of the rape and represented himself as single in order to gain her confidence, and his flight immediately after the crime, are all indicative of his crime so as to make his plea of guilty a convincing factor of his actual guilt of the crime charged.

The reasons contended for by relator could properly be assigned as the basis for a new trial, or an appeal, but they cannot be raised on petition for discharge on a writ of habeas corpus. A writ of habeas corpus is not a substitute for a motion for new trial or for an appeal or for a writ of error: See Commonwealth ex rel. Jacoby v. Keenan, 24 D. & C. 2d 641 (1959), affirmed in 195 Pa. Superior Ct. 197.

The petition and the record upon which it is based fail to make our a prima facie case for the allowance of the writ. A hearing thereon being unnecessary and the petition being without merit, the petition for the issuance of the writ of habeas corpus will be dismissed.

See Commonwealth ex rel. Elliott v. Baldi, 373 Pa. 489, 494, and cases therein cited.

*Order*

And now, October 19, 1961, relator's petition for allowance of writ of habeas corpus is dismissed.